

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2003

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3699

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lin v. Atty Gen USA" (2003). *2003 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3699

ZHEN XIUNG LIN,
                                                    Petitioner

v.

JOHN ASHCROFT,
Attorney Generalof the United States,
                                                    Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A77-281-535)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2003

Before:  SCIRICA, *Chief Judge*, NYGAARD and AMBRO *Circuit Judges*

(Filed        November 13, 2003 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Zhen Xiung Lin seeks review of an immigration judge's decision denying relief on asylum, withholding of removal, and Convention Against Torture ("CAT") claims, which the Board of Immigration ("BIA") summarily affirmed.[1] Petitioner alleges that the immigration judge's findings are not based upon substantial evidence. As we find no error, we will affirm the judgment and deny the request for a remand.

## I.

Lin, a citizen of the People's Republic of China, entered the United States on August 22, 1999 without a valid visa. On that day, Lin swore statements before an INS officer at the airport that he left "China because [he was] one of four children." On September 9, 1999, Lin, with the assistance of counsel, participated in a Credible Fear Interview. Lin expressed his fear that he would be persecuted in China for his homosexual activity. He claimed his village wanted to arrest, torture, detain, and beat him. When questioned, Lin admitted he had encountered no problems with the police, military, or authorities; had never been arrested, detained, or questioned by them; and did

---

[1] The BIA has jurisdiction under 8 C.F.R. § 1003.1(b)(3), which grants it appellate jurisdiction over immigration judge decisions in removal proceedings. We have jurisdiction under the Immigration and Nationality Act, 8 U.S.C. § 1252, which provides the exclusive procedure for judicial review of all final removal orders. Venue is proper in the Third Circuit because Lin's removal proceedings were completed in Newark, New Jersey. *See id.* at § 1252(b)(2).

2

not fear being harmed by them. Lin stated that he had tried to move to another village but felt unsafe there.

In an asylum application dated February 17, 2000, Lin submitted he was seeking asylum because he was persecuted by the Chinese government for being homosexual. He claimed the police threatened to detain him and shocked his genitals in an attempt to make him heterosexual. In a statement in support of his application, Lin related that he and his boyfriend, Ling Xian Yo, had been discovered by the police during an intimate moment in the park, and the police tortured, detained, and threatened them for their conduct. Lin also explained that he could not flee internally within China because if he were caught, he would be returned to his village.

On May 26, 2000, Lin testified at a hearing before Immigration Judge Eugene Pugliese. Lin recounted how the police tortured, detained, and threatened him because of his homosexuality. He testified that he did not flee internally within China because he lacked proper documents. When asked about his statements at the airport, Lin testified that he did not inform the INS officer that he had been persecuted due to his homosexuality because he was "shy" and "fearful."[2]

---

[2]The record includes the State Department's Profile of Asylum Claims and Country Conditions which details how China has become more tolerant of homosexuals and how authorities have been instructed to no longer punish homosexuals. The Profile also explains how "internal flight in China is more of a possibility now than previously" with a "floating population" of 10 to 100 million evading "resident-based controls."

**II.**

On May 26, 2000, the immigration judge issued an oral decision denying Lin's claims for asylum, withholding of removal, and relief under the CAT. The judge concluded that Lin's testimony was insufficient to satisfy his burden of proof because his testimony lacked "credibility." As a basis for the credibility determination, the judge commented on the degree to which Lin's story was "embellished" during repeated retelling. The judge observed that in sworn statements in an interview at the airport, Lin made no mention of homosexuality or of past torture, arrests, or detentions. It was not until the Credible Fear Interview that Lin proffered a claim of asylum based on homosexual persecution. The judge stressed that Lin stated three times that he had not been mistreated by authorities; instead, Lin claimed the villagers wanted to arrest and beat him. The judge found Lin's asylum application "looks like it had been written [at] two different times," noting that the one portion states police had "threatened" to detain him whereas another portion states he had already been detained two weeks. The judge also found Lin's demeanor unconvincing due to his "hesitation" and "feigned inability to respond to questions."[3] For those reasons, the judge concluded Lin was not entitled to

---

[3]The judge also held that Lin had not shown that homosexuals were a persecuted group in China. In his analysis, the judge found that the State Department Profile did not establish a prima facie case for a pattern or practice of persecution against homosexuals in China. Addressing Lin's contention that he could not relocate, the judge also observed that the Profile reported that millions have relocated in China without permission.

relief.  The BIA affirmed the immigration judge's order without opinion.  Lin now appeals and asks this Court to remand the matter to the BIA for further proceedings.

### III.

To be granted asylum as a refugee, an applicant must establish that he is unable to return his homeland "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."[4]  8 U.S.C. § 1101(a)(42).  Whether an applicant has demonstrated "persecution" or a "well-founded fear of persecution" is a factual determination reviewed under the substantial evidence standard.  *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001).  The Court will uphold findings of fact to the extent they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998).  Similarly, adverse credibility determinations are also reviewed for substantial evidence.  *Id.*  The Court must sustain an adverse credibility determination if there is substantial evidence in the record to support it.  *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

Under the substantial evidence standard, an immigration judge's determination will be upheld on review unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B); *accord INS v. Elias-Zacarias*, 502

---

[4]An applicant carries the burden of supporting his claim that he is a refugee who qualifies for asylum.  8 C.F.R. § 208.13(a).

U.S. 478, 483-84 (1992) (A petitioner "must show that the evidence he presented was so compelling that no reasonable factfinder could fail" to find otherwise.). An immigration judge must state specific reasons for his credibility determination, and the Court must evaluate those reasons "to determine whether they are valid grounds upon which to base a finding that asylum applicant is not credible." *Balasubramanrim*, 143 F.3d at 162 (internal quotation marks omitted). Additionally, "[t]he reasons must be substantial and bear a legitimate nexus to the finding." *Gao*, 299 F.3d at 276.

Here, substantial evidence supports the immigration judge's determination that Lin failed to support his asylum claim with credible evidence.[5] The judge provided "specific, cogent reasons" that are valid grounds for doubting Lin's testimony. The judge noted that Lin failed to mention homosexuality, detention, or torture in his sworn interview with the INS.[6] The judge further observed that while under oath at the Credible Fear Interview, Lin stated three times that the authorities had not harassed him. The judge explained that Lin's asylum application "look[ed] like it had been written two different times" because

---

[5]Though we ordinarily review decisions of the BIA as opposed to that of an immigration judge, *Abdulai v. Ashcroft*, 239 F.3d 542, 548-49 (3d Cir. 2001), in this case, the BIA summarily affirmed the decision, so the immigration judge's decision constitutes the "final agency determination," and is therefore the decision under review. 8 C.F.R. § 1003.1(a)(7)(iii) (2003).

[6]Petitioner relies on *Balasubramanrim*, 143 F.3d 157, in which this Court held that a credibility determination by the BIA "was not reasonable because the airport interview alone . . . does not serve as a valid ground upon which to base a finding that an asylum applicant is not credible." *Id.* at 164 (internal quotation marks omitted). Here, however, the credibility determination does not rest solely on an airport interview, but also upon the Credible Fear Interview where Lin was represented by counsel.

there were internal contradictions. The judge also remarked upon Lin's demeanor, noting his "feigned inability to respond" and "his hesitation." Because of Lin's contradictions and inconsistencies, the evidence presented by Lin would not compel any reasonable factfinder to find that his claims were credible. The immigration judge's findings regarding Lin's asylum claim are supported by substantial evidence.

Lin's request for withholding of removal also fails. Since the asylum standard is more lenient than the withholding standard, failure to establish eligibility for asylum forecloses eligibility for withholding of removal. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). Similarly, Lin's claim for relief under the CAT fails because he must establish that it is "more likely than not" that he would be tortured if deported. 8 C.F.R. § 208.16(c)(2). Given the inconsistencies and contradictions detailed above, the immigration judge's conclusion that Lin did not meet this burden is supported by substantial evidence.[7]

## IV.

For the foregoing reasons, we will affirm the BIA's Order.

---

[7]Petitioner also criticizes the immigration judge's "reading" of the State Department Profile in assessing the substantive merits of Lin's claims. The judge relied on the Profile to conclude there was no pattern or practice of homosexual persecution in China. We find no error in his reasonable interpretation of this relevant document.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
*Chief Judge*